```
                    IN THE UNITED STATES DISTRICT COURT
                   FOR THE WESTERN DISTRICT OF WISCONSIN
```

LISA KRAUSE,

                    Plaintiff,

and

WISCONSIN DEPARTMENT OF HEALTH
SERVICES and ASPIRUS ARISE,                    ORDER

                 Involuntary plaintiffs,              19-cv-786-jdp

    v.

WAL-MART STORES, INC.,

                  Defendant.

---

       Plaintiff Lisa Krause alleges that she was injured in a fall at Walmart. She sued Walmart in the circuit court for Marathon County, Wisconsin. Walmart removed the case to this court, asserting diversity under 28 U.S.C. § 1332 as the basis for federal jurisdiction. According to Walmart, Krause is a citizen of Wisconsin, Walmart is a citizen of Delaware and Arkansas, insurers Wisconsin Department of Health Services and Aspirus Arise are nominal parties, and the amount in controversy exceeds $75,000. Dkt. 1, at 2–3.

       Two motions are before the court. First, Wisconsin Department of Health Services has moved to dismiss itself as a party because the value of its interest in this case is below its established threshold for pursuing recovery. Dkt. 9. Krause does not oppose the motion, Dkt. 13, so the court will grant it and dismiss Wisconsin Department of Health Services from the case.

Second, Krause has filed a "brief in opposition to the defendant's notice of removal," Dkt. 2, which the court will construe as a motion to remand the case to state court. The motion is similar to a motion filed by the same attorney in another slip-and-fall case against Walmart last month, which this court denied. *See Sorenson v. Wal-Mart Stores, Inc.*, No. 19-cv-753-JDP, 2019 WL 4721061 (W.D. Wis. Sept. 26, 2019). In her motion to remand, Krause asserts that "[d]iscovery may reveal other parties who need to be brought into this litigation that would ultimately defeat diversity." Dkt. 2, at 1. As I explained in *Sorenson*, speculation about potential future parties is not a valid basis for remand. Diversity of citizenship is assessed at the time of filing. *Grupo v. Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570–71 (2004). At the time this case was filed, the parties were diverse. If Krause seeks to join non-diverse defendants at some later time, the court will reconsider the jurisdictional issue under 28 U.S.C § 1447(e).

Krause also asserts that involuntary plaintiff Aspirus Arise, a Wisconsin-based health insurance company with a subrogation interest in this case, is not actually a nominal party. She says that as her insurer, Aspirus Arise's interests "do not perfectly align with [her] interests" because Aspirus Arise "wish[es] to cut into any recovery" that Krause ultimately obtains. Dkt. 1, at 2. She cites no authority for the proposition that a party's interests must "perfectly align" with hers to qualify as a nominal party. Regardless, whether Aspirus Arise is a nominal party makes no difference to the jurisdictional inquiry. For diversity purposes, Aspirus Arise's interests as a subrogated insurer are aligned with Krause's interests in that both parties presumably hope to obtain the maximum recovery possible. *Cf. Lund v. Universal Furniture Indus., Inc.*, No. 07-cv-237-JC, 2007 WL 5595963, at *1 (W.D. Wis. June 11, 2007) ("It is irrelevant that plaintiff Lund and her [insurer] may have a coverage dispute in a different forum. The issue for jurisdictional purposes is whether plaintiffs' interests are aligned *in the*

*present action*. [The insurer's] only interest in the present action is maximizing its subrogation recovery." (emphasis in original)). So Aspirus Arise's citizenship is immaterial to this court's jurisdiction under 28 U.S.C. § 1332 and is not a valid basis for remand. The court will deny Krause's motion.

ORDER

IT IS ORDERED that:

1. Involuntary plaintiff Wisconsin Department of Health Services' motion to dismiss, Dkt. 9, is GRANTED. Wisconsin Department of Health Services is DISMISSED from the case.

2. Plaintiff Lisa Krause's motion to remand, Dkt. 2, is DENIED.

Entered October 21, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge